JOHN McBARRON, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

Whether the defendant at the time he procured the registration of a certain person as a voter in the Fourth election district *knew* that such person was *not* entitled to vote in that district was properly left to the jury, being a permissible inference from the testimony.

---

On error to the Essex Sessions.

On the trial of an indictment for knowingly procuring a false registration of a voter, before Judge Fort and a jury, the following charge (*inter alia*) was given:

" The remaining question in the case is the difficult one and a question of fact for the jury; that is, that this defendant knew at the time he made the affidavit for the purpose of causing and procuring the registration of Roanes in the Fourth district of the Second ward, that Roanes was not entitled to vote in that district. It is not a question as to whether he knew he lived there for the last two or three months, or a question as to whether he found him in a house in the district; but the question is, did the defendant know that Roanes was not entitled to vote in that district?

" Now, the state must prove that fact, on the traverse of this indictment, as any other fact in this case. You must be satisfied beyond a reasonable doubt, under the evidence, that this defendant knew that Roanes was not entitled to vote in the

Fourth district of the Second ward of the city of Newark, at the next ensuing election (that is, this last election), when the defendant registered him there on the 22d day of March last. You are not required to have the positive admissions by the defendant that he knew Roanes was not entitled to vote, nor a declaration of the defendant that he knew Roanes was not entitled to vote. You may, from the evidence in this cause, find knowledge in the defendant by the facts and circumstances surrounding the making of the affidavit, and the act of causing and procuring the registration of Roanes by this defendant.

"Now, taking all the facts into account in this case, just as they have been testified to here, the knowledge of the defendant that Roanes had not voted in that district for some period of time, certainly since the polling place had been at William street, which had probably been about three years, as he has sworn himself, that he was not on the registry and he knew it; that he called at this house and saw Roanes there and heard the declaration of the landlady as to who were voters in that house, and the conversation that followed, which Roanes declared was jocular—taking into account all the circumstances that surround the inquiry he made by which to come to a conclusion as to whether Roanes was a voter in that district—if, under the evidence, you believe that this defendant knew that Roanes was not entitled to vote in that district when he registered him, he should be convicted in manner and form as he stands charged."

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the plaintiff in error, *James R. Nugent.*

For the state, *Louis Hood,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J  In a charge to which it would be difficult to formulate an exception, the attention of the jury was directed to the circumstances upon which the state relied to prove that

the defendant knew that Roanes was not entitled to vote in the Fourth district.

The only point argued is that the evidence does not warrant the verdict. *Gen. Stat., p.* 1154. That is to say that the testimony does not admit of a belief beyond a reasonable doubt that the defendant knew that Roanes was not entitled to vote in that district.

What a person knows upon any subject, if he keeps it to himself, must always be a matter of inference. In the present case it is perfectly clear that the defendant did not know that Roanes was entitled to vote in that district; it is pretty clear that he knew that three years before Roanes had been so entitled, and it is somewhat clear that he knew that for the period that intervened he was not so entitled. With this much knowledge upon the subject, the defendant did an act that called for specific knowledge and to which some state of knowledge must intelligently be ascribed. In view of his antecedent knowledge and of the surrounding circumstances, a permissible and to me a persuasive inference is that the defendant's knowledge of Roanes' disability was not changed by anything shown in the case, but continued and was the state of his knowledge when he did the act for which he was indicted. The jury may not have pursued this method of reaching its verdict but the result is the same. The fact that juries respond to the impress of testimony in bulk, does not militate against the soundness of their verdicts. If judges, owing to training or by temperament, pursue a more analytical method, it only shows that the same end may be reached by different ways. "The only test I know of the value of human evidence," said an experienced judge, "is its effect upon the human mind." (Vice Chancellor Pitney in Seeburger *v.* Seeburger, unreported.) Only when judges are convinced by the application of their method, that by no method could the jury have derived its verdict from the testimony, do they say that the question was not one for the jury. In the present case by each method the inference that has been drawn is one upon which a considerate mind may rest satisfied.

The judgment of the Sessions is affirmed.